UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Samuel N. Edeh,** | Civil No. 11-CV-2671 (SRN/JSM) |
| **Plaintiff,** | |
| v. | ORDER |
| **Equifax Information Services, LLC, and Capital One Bank (USA), N.A.,** | |
| **Defendants.** | |

SUSAN RICHARD NELSON, United States District Court Judge

This matter is before the Court on Plaintiff Samuel N. Edeh's letter request for permission to file a motion for reconsideration. [Doc. No. 93]. To secure permission to file a Motion for Reconsideration, Plaintiff must establish that "compelling circumstances" mandate the reconsideration of the Court's Order. D. Minn. L.R. 7.1(j). Plaintiff contends that the Court erred in determining that his state-law claim of intentional or negligent interference with economic expectancy is preempted by the Fair Credit Reporting Act ("FCRA"). For the reasons that follow, Plaintiff's request is denied.

As an initial matter, the Court notes that Plaintiff has apparently abandoned his claim for intentional or negligent interference with economic expectancy. (See Pl.'s Obj. [Doc. No. 79] at 2 (stating that Plaintiff's "proposed Third Amended Complaint changes the Count for 'the intentional or negligent interference with economic expectancy' to 'the intentional or negligent interference with contractual relations'").) The Court will assume

that Plaintiff would contend that his new claim, should he be allowed to raise it, is likewise not preempted by § 1681h(e).[1]

The FCRA preempts actions "in the nature of defamation, invasion of privacy, or negligence." 15 U.S.C. § 1681h(e). It does not, as Plaintiff asserts, preempt only defamation, invasion of privacy, and negligence claims. Rather, it prohibits all actions "in the nature of" such claims. Thus, for example, Plaintiff's claim that Equifax negligently interfered either with his economic expectancy or with some contractual relation is clearly preempted.

The actions that form the underpinning for Plaintiff's new intentional interference with contractual relations claim are the same actions that form the basis of his FCRA claims. This Court has held that such claims are preempted. See, e.g., Gohman v. Equifax Info. Servs., LLC, 395 F. Supp. 2d 822, 828-29 (D. Minn. 2005) (Doty, J.) (§ 1681h(3) preempts tortious interference with credit expectancy claim). Moreover, as the Court's Order stated, § 1681h(e) applies to preempt state-law claims that do not allege malice or willful intent to injure. See Yutesler v. Sears Roebuck & Co., 263 F. Supp. 2d 1209, (D. Minn. 2003) (Frank, J.) (finding "that § 1681h(e) allows for common law claims that are based on allegations that rise to the level of malice or willful intent to injure"). Plaintiff has not alleged such malice or willful intent here, and his state-law claims are thus preempted.

---

[1] The Court's Order once inadvertently referred to the preemption section as § 1682h, not § 1681h. (Order [Doc. No. 92] at 19.)

Even assuming that an intentional interference claim such as that Plaintiff seeks to raise here is not explicitly preempted, Plaintiff's claim here fails to plausibly allege any facts from which the Court could infer that he has a claim for intentional interference with contractual relations.  Plaintiff alleges only that he "had difficulty obtaining loans and consumer credit and was denied consumer credit on different occasions." (2d Am. Compl. ¶ 22; Proposed 3d Am. Compl. ¶ 21.)  But the time between when he made his payment to Capital One and when Equifax reflected that payment correctly on his credit report was less than two months.  Given that short time frame, Plaintiff must make more specific allegations than "different occasions."  His failure to allege any facts means that he has not made a plausible allegation that Equifax's conduct constituted intentional interference with contractual relations, and thus all of his state-law claims were properly dismissed.

## III.   ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's letter request to file a motion for reconsideration [Doc. No. 93] is **DENIED**.

Dated:   September 25, 2012

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Court Judge