UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Samuel N. Edeh,                                             Civil No. 11-CV-2671 (SRN/JSM)

      **Plaintiff,**

v.                                                          ORDER

Equifax Information Services, LLC,

      **Defendant.**

---

Samuel N. Edeh, 619 East Center Street, Apartment 1, Rochester, Minnesota, 55904, Pro Se

Andrew T. Shern and Christopher G. Angell, Murnane Brandt, PA, 30 East 7th Street, Suite 3200, St. Paul, Minnesota 55101; J. Anthony Love and Brian J. Olson, King & Spalding, LLP, 1180 Peachtree Street, Atlanta, Georgia 30309, for Defendant

---

SUSAN RICHARD NELSON, United States District Court Judge

    This matter is before the Court on Defendant Equifax Information Services LLC's ["Equifax's"] appeal from a November 21, 2012 order ("the Order") issued by Magistrate Judge Janie S. Mayeron. (Def.'s Obj./Appeal [Doc. Nos. 125 & 132].) Defendant challenges Magistrate Judge Mayeron's decision compelling Defendant to produce discovery in response to Plaintiff's Interrogatory No. 15 and Document Production Request Nos. 16 & 45. (Id. at 2-3.)

    Plaintiff filed a response to Defendant's Objections [Doc. No. 127], and subsequently filed an amended response four days later [Doc. No. 128]. Defendant

moves to strike Plaintiff's Amended Response [Doc. No. 129], arguing that it is an unauthorized pleading and should not be considered by the Court.  Plaintiff filed a response in opposition to Defendant's Motion to Strike [Doc. No. 131].

The Court's review of decisions of the Magistrate Judge on nondispositive matters is limited to determining whether the Order is clearly erroneous or contrary to law.  D. Minn. L. R. 72.2(a).  This Court pays great deference to a magistrate judge's determinations.  See Reko v. Creative Promotions, Inc., 70 F. Supp.2d 1005, 1007 (D. Minn. 1999) ("The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential.").  Defendant has failed to establish that Magistrate Judge Mayeron's decisions are either clearly erroneous or contrary to law.  However, as to the timing of the production of financial material, the Court defers ruling on this issue until after the Court reaches a decision on whether Plaintiff may amend to assert a claim for punitive damages.  Therefore, the Court affirms the Order in all other respects, subject to the modification that Plaintiff's motion to compel the production of financial information (requested in Interrogatory No. 15 and Document Request No. 16) is denied without prejudice.  Accordingly, Defendant's Objections are denied in part, and granted in part.  In light of this ruling, the Court also denies as moot Defendant's Motion to Strike.

## I. DISCUSSION[1]

### A. Past Complaints

As noted in the Order, Document Request No. 45 seeks all complaints in any litigation against Equifax in the last five years alleging that Equifax violated the FCRA by reporting an inaccurate balance on a consumer credit file, by failing to provide an accurate address or telephone number for the source of information reported on a consumer credit file, or violated 15 U.S.C. § 1681e(b), 15 U.S.C. 1681i(a) and 15 U.S.C. § 1681g(a). (Order at 24 [Doc. No. 123].) While Defendant objected on grounds of overbreadth, burden, and relevance, Magistrate Judge Mayeron found that information regarding past complaints as to § 1681i(a) violations was relevant to the issue of whether Equifax's conduct against Plaintiff was willful. (Id.) Because the only remaining claim is the § 1681i(a) claim regarding the report of an inaccurate balance on a consumer credit file, the magistrate judge limited Defendant's production to complaints bearing on this claim. (Id.)

Equifax objects to Magistrate Judge Mayeron's ruling, arguing that the production of § 1681i complaints is unduly burdensome. (Def.'s Obj. at 4 [Doc. No. 125].) It estimates that over 2,000 consumer complaints have been filed against it in a five-year period and that it will be required to manually search through each and every pleading

---

[1] The Court incorporates by reference the factual background contained in the Order.

3

document in order to comply with this discovery request. (Id.)  While Defendant argues that this is a time-consuming and costly undertaking, it suggests that Plaintiff could search through public records using Westlaw or Pacer and obtain the same information himself. (Id.)

The Court finds that Magistrate Judge Mayeron's ruling is neither clearly erroneous nor contrary to law.  Defendant cites authority for the proposition that similar discovery requests have been denied on grounds of burden outweighing benefit. (Id. at 5-6) (citing Mattingly v. Credit Mgmt., LP, No. Civ. A05CV00080 RPM MJW, 2005 WL 3271683, at *1 (D. Colo. June 7, 2005); Apodaca v. Discover Fin. Servs., No. 04-cv-00717-MCA-WDS (D. N.M. Feb. 10, 2005) [Doc. No. 49].)  Defendant also cites to authority in other contexts, in which courts have denied a motion to compel a corporate party to produce prior complaints. (Id. at 8-10) (citations omitted).  Plaintiff, however, cites contrary authority in which courts have found evidence of prior lawsuits relevant to assessing the question of willfulness, as Magistrate Judge Mayeron found here. (Pl.'s Resp. at 2 [Doc. No. 127]) (citing Donnelly v. NCO Fin. Sys., Inc., 263 F.R.D. 500, 504-05 (N.D. Ill. 2009)). The court in Donnelly noted that to be discoverable under Rule 26, the information need not itself be admissible, but must only be relevant and reasonably likely to lead to the discovery of admissible evidence. Donnelly, 263 F.R.D. at 505.  The Donnelly court concluded that the information was relevant to the defendant's knowledge of the applicable statute and its actions in regard to the statute. Id.  Finding that the likely

4

benefit of the discovery outweighed the burden, the court granted the plaintiff's motion to compel. Id. Plaintiff also cites additional authority, in other contexts, in which corporate discovery of previous lawsuits or claim files has been ordered, despite the apparent burdensomeness of production. (Pl.'s Resp. at 3 [Doc. No. 127]) (citations omitted).

As noted in the Donnelly opinion, Rule 26 contemplates a liberal scope of discovery regarding any non-privileged matter that is relevant to a party's claim or defense. Fed. R. Civ. P. 26(b). Discovery need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. Should Defendant consider the evidence inadmissible at trial, Defendant is free to bring a motion in limine at that time. Finding Magistrate Judge Mayeron's ruling neither clearly erroneous nor contrary to law, the Court affirms the ruling and denies Defendant's appeal on this ground.

B. **Financial Information**

As the Order indicates, Interrogatory No. 15 requests Equifax's net income for the preceding 24 quarters. (Order at 20 [Doc. No. 123].) Similarly, Request for Production of Documents No. 16 seeks copies of Equifax's quarterly profit and loss statements for each of the preceding 24 quarters. (Id.) While Equifax objected to these requests on grounds of breadth, burdensomeness, relevance, and confidential/proprietary information, Magistrate Judge Mayeron held that this information is relevant to the issue of punitive damages. (Id.) However, Magistrate Judge Mayeron placed a time limitation on the

5

requested material, requiring Defendant to produce its responses for fiscal years 2010 and 2011 through the present. (Id. at 21.)

In its Objections, Equifax contends that it does not maintain this information in the form in which Plaintiff has requested it and "[a]sking Equifax to produce such information is tantamount to asking it to completely rework the organization of its financial records." (Def.'s Obj. at 15 [Doc. No. 125].) Equifax further contends that it will likely require additional accounting and database consultants to capture this data. (Id.) In addition, Equifax notes that the requested information is highly sensitive in the context of the competitive consumer credit reporting industry. (Id.)

A defendant's net worth is a relevant consideration in the award of punitive damages. See Schaub v. VonWald, 638 F.3d 905, 926 (8th Cir. 2011) (noting that while evidence of a defendant's net worth is not a prerequisite to a punitive damages award, it is a factor that may be considered in assessing an award); Grabinski v. Blue Springs Ford Sales, Inc., 136 F.3d 565, 570 (8th Cir. 1998) (finding that a defendant bears the burden of introducing evidence of net worth at trial for purposes of minimizing a punitive damages award). The Court therefore finds that the relevance and benefit of the information outweighs the burden of production. However, both Edeh and Equifax cite authority for the proposition that discovery of this type of sensitive and proprietary information is best deferred until such time as the court determines whether the plaintiff may maintain a viable punitive damages claim. See Chesapeake Appalachia LLC v.

Mountain V Oil & Gas Inc., No. 2:11-cv-00207, 2012 WL 4045729, at *4 (S.D. W. Va. Sept. 13, 2012); DeMarco v. Lapay, No. 2:09-cv-190-TS-PMW, 2012 WL 1119212, at *1-2 (D. Utah April 3, 2012); Courtice v. Midland Credit Mgmt., No. 1:08-cv-00719 (D. N.M. May 5, 2009 [Doc. No. 80].) The Court construes Defendant's reliance on this authority as an alternative request from Defendant that the Court delay ruling on this discovery until it has determined whether the Complaint may be amended to include a claim for punitive damages. (Def.'s Obj. at 16 [Doc. No. 125]) (stating, "This line of cases emphasizes the sensitive nature of the information in the determination that financial records should not be discoverable until necessary.")

The Court agrees with this approach. Since Defendant's financial records are relevant to a possible punitive damages claim that may be the subject of a future motion to amend, any potential discovery of the requested financial records will be deferred until after such a motion is decided. Accordingly, the Court modifies Magistrate Judge Mayeron's Order only to the extent that it requires the immediate production of this information. The Order is thus modified to reflect that Plaintiff's motion to compel Defendant's financial information requested in Interrogatory No. 15 and Document Request No. 16 is denied without prejudice. As to this discovery, Defendant's appeal on is therefore granted.

**C.     Motion to Strike**

In its Motion to Strike [Doc. No. 129] Defendant moves to strike Plaintiff's

Amended Response to Defendant's Objections [Doc. No. 128]. Defendant contends that the untimeliness argument raised by Plaintiff in the Amended Response is without legal merit and that the Amended Response was improperly submitted without leave of court. (Def.'s Mem. Supp. of Mot. to Strike at 2-5 [Doc. No. 130].)

In the Amended Response, Plaintiff argues that Defendant's Objections were filed two days after the December 5, 2012 deadline and therefore should not be considered by the Court. (Pl.'s Am. Resp. at 2 [Doc. No. 128].) However, as Defendant correctly asserts, Federal Rule of Civil Procedure 6(d) permits a party effecting electronic service pursuant to Rule 5(b)(2)(E), to add three days to the time period in question. Fed. R. Civ. P. 6(d). As Defendant's Objections were electronically served and filed on December 7, 2012, they are timely.[2]

In addition, Equifax is correct that a party may not file an unsolicited legal memorandum without the court's prior permission. D. Minn. L. R. 7.1(i). Plaintiff did not seek the Court's permission in filing his Amended Response to Defendant's Objections. Plaintiff is therefore reminded that should he wish to file additional memoranda in the future that are not contemplated by the Local Rules, he must seek the

---

[2] Moreover, even if the Objections were filed two days late, the Court would not consider a two-day delay in filing objections at all analogous to Plaintiff's seven-month delay in seeking leave to file a third-amended complaint. (See Pl.'s Am. Resp. at 2 [Doc. No. 128]) (arguing that it would be unfair for the Court to consider a late-filed objection/appeal when the Magistrate Judge denied Plaintiff's motion to file a third-amended complaint in the appealed Order based on untimeliness).

8

Court's permission. In any event, based on the Court's rulings on Defendant's Objections, set forth herein, the Court denies Defendant's Motion to Strike as moot.

## III. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Objection/Appeal of Discovery Rulings [Doc. Nos. 125 & 132] is **DENIED in part**, and **GRANTED in part**, as set forth herein;

2. Defendant's Motion to Strike [Document No. 129] is **DENIED AS MOOT**; and

3. The Order of November 21, 2012 [Doc. No. 123] is **AFFIRMED in part** and **MODIFIED in part**, such that the portion of the order regarding Plaintiff's Motion to Compel Discovery Responses to Plaintiff's Interrogatory No. 15 and Document Production Request No. 16 [Doc. No. 106] is **DENIED WITHOUT PREJUDICE**, as set forth herein.

Dated: April 29, 2013

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Court Judge