UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SAMUEL N. EDEH,                                        CIVIL NO. 11-2671 (SRN/JSM)

      Plaintiff,

v.                                                                        ORDER

EQUIFAX INFORMATION SERVICES, LLC,

      Defendant.

      JANIE S. MAYERON, U.S. Magistrate Judge

The above matter came on before the undersigned upon Plaintiff's Motion to Remove "Confidential" Designation from Equifax's Rule 30(b)(6) Deposition Transcripts [Docket No. 170]. This motion was decided on the papers. The Court, being duly advised in the premises, upon all of the files, records, and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED: Plaintiff's Motion to Remove "Confidential" Designation from Equifax's Rule 30(b)(6) Deposition Transcripts [Docket No. 170] is **GRANTED** as follows: On or before June 24, 2013, defendant shall (a) for each deposition transcript designate those specific portions of the transcript that are "confidential" and an affidavit setting forth the factual basis for designating the information confidential; or (b) notify plaintiff that it is foregoing its right to identify which portions of the transcripts are "confidential" at which time the deposition transcripts shall be de-designated in their entirety.

Dated:        June 10, 2013

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## MEMORANDUM

Plaintiff seeks an order from the Court removing the "Confidential Information" designation applied by defendant to the 17 deposition transcripts it produced to plaintiff in response to discovery requests and this Court's previous orders.  See Memorandum of Law in Support of Plaintiff's Motion to Remove "Confidential" Designation from Equifax's Rule 30(b)(6) Deposition Transcripts [Docket No. 174], p. 1.  Plaintiff argued that defendant waived its right to mark these deposition transcripts confidential because: it did not assert any confidentiality objection in response to the requests for production of documents seeking the transcripts;[1] it failed to oppose the motion to compel seeking these transcripts; and a wholesale blanket designation of all of the deposition transcripts as confidential constitutes a waiver of any claim by defendant that the deposition transcripts should be designated "Confidential" under the operative Protective Order.  Id., pp. 2-3.  Even if there was no waiver, plaintiff also asserted that defendant cannot in good faith assert that the entirety of all 17 depositions are properly designated "Confidential" under the Protective Order, as a majority of the deposition transcripts do not contain proprietary information, trade secrets or information that could

---

[1]     The request and response at issue is as follows:

> REQUEST FOR PRODUCTION NO. 3: Please produce a copy of any past deposition testimony you have given in the past three years in matters related to 15 U.S.C. § 1681i.

> RESPONSE TO REQUEST FOR PRODUCTION NO. 3: Equifax objects to this request on the basis that it seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.

See Docket No. 135-3, p. 14.

2

result in an invasion of privacy if the information is released.  Id., p. 4.  Plaintiff has asked that defendant be required to designate those specific portions of the 17 deposition transcripts that are "confidential."  Id.

Defendant opposed the motion, arguing that plaintiff failed to set forth why his motion should be granted, and has shown no legitimate reasons to use the deposition transcripts for anything other than the present case.  See Defendant Equifax Information Services LLC's Opposition to Plaintiff's Motion to Remove Confidential Designation from Deposition Transcripts [Docket No. 177] ("Def. Mem."), p. 2.  Further, defendant contended the confidentiality designations are appropriate, as the deposition transcripts contain information regarding third party consumers that must be protected from public dissemination, many of the deposition transcripts have been designated as confidential pursuant to protective orders in other actions, and the deposition transcripts contain information regarding its confidential policies and procedures, which would cause it harm in the competitive marketplace if this information became public.  Id., p. 3, 6.  In support of these assertions, defendant offered the declaration of Vicki Banks, a Senior Consumer Relations Specialist, where she represented that "the transcripts produced by Equifax on May 16, 2013 contain Equifax's sensitive trade secret information and personal information related to other consumers."  See Declaration of Vicki Banks in Support of Equifax Information Services LLC's Opposition to Plaintiff's Motion to Remove Confidential Designation from Deposition Transcripts [Docket No. 178], ¶¶ 2, 3.

Defendant also maintained that it would be greatly burdensome for it to go through all the deposition transcripts to designate which portions constitute confidential

and proprietary information, as opposed to constituting general knowledge.  Def. Mem.,

p. 3.  In addition, defendant argued that any waiver argument by plaintiff is baseless,

given it properly designated the documents at issue confidential pursuant to the

Protective Order and it would be unfair for the Court to modify the Protective Order it

relied upon in producing documents to plaintiff that contain proprietary information and

sensitive third-party information.  Id., pp. 4-5, 7-8.

      The operative Protective Order in this case provides in relevant part as follows:

> 2. A Party may designate a document "Confidential", to
> protect information within the scope of Fed. R. Civ. P. 26(c).
> 3. All Confidential documents, along with the information
> contained in the documents, shall be used solely for the
> purpose of this action, and no person receiving such
> documents shall, directly or indirectly, use, transfer, disclose,
> or communicate in any way the documents or their contents
> to any person other than those specified in paragraph. Any
> other use is prohibited.
>
>                                   * * *
>
> 10. Any party may request a change in the designation of
> any information designated "Confidential". Any such
> document shall be treated as designated until the change is
> completed. If the requested change in designation is not
> agreed to, the party seeking the change may move the Court
> for appropriate relief, providing notice to any third party
> whose designation of produced documents as "Confidential"
> in the action may be affected. <u>The party asserting that the
> material is Confidential shall have the burden of proving that
> the information in question is within the scope of protection
> afforded by Fed. R. Civ. P. 26(c)</u>.

Protective Order [Docket No. 122], ¶¶ 2, 3, 10 (emphasis added).

      As a preliminary matter, the Court rejects plaintiff's assertion that defendant

waived its right to designate the transcripts "Confidential" because it did not assert any

confidentiality objection in response to the requests for production of documents, it

failed to oppose the motion to compel seeking these transcripts, or due to its wholesale

designation of the deposition transcripts.   The rights and procedures relating to designating documents derive directly from the Protective Order and are not affected by defendant's responses to discovery or motions related to discovery.  In short, defendant had no obligation to state its position that the information sought by plaintiff was confidential in its response to plaintiff's document request, just as it was not required to raise the issue of confidentiality as a ground for resisting plaintiff's motion to compel the transcripts as a precursor to designating the documents as confidential under the Protective Order.

Nevertheless, rejection of plaintiff's waiver argument does not mean that his motion should be denied.  The Protective Order defines "Confidential" as information that is "within the scope of protection afforded by Fed. R. Civ. P. 26(c).  Under Rule 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. . . ."  Fed. R. Civ. P. 26(c)(1)(G).  Under the Protective Order, it is defendant's burden of proving that the content of the deposition transcripts are within the scope of protection afforded by Rule 26(c).   A party seeking protection under Rule 26(c) must provide specific facts demonstrating that protection of information is necessary, as opposed to "stereotyped and conclusory statements."  Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n. 16 (1981) (citations omitted); see also Baxter Intern., Inc. v. Abbott Laboratories, 297 F.3d 544, 545 (7th Cir. 2002) (citation omitted) ("[T]he parties' joint motion made no effort to justify the claim of secrecy. It was simply asserted, mostly on the basis of the agreement but

partly on the ground that these are commercial documents. That won't do."); <u>Arvco Container Corp. v. Weyerhaeuser Co.</u>, No. 1:08-cv548, 2009 WL 311125, *8 (W.D. Mich. Feb. 9, 2009) ("'[V]ague and conclusory allegations of confidentiality and competitive harm are insufficient. The movant must make 'a particularized showing that the information sought is confidential' and come forward with 'specific examples of competitive harm.").

At issue in this motion is not the propriety of the Protective Order – that ship sailed when the parties presented it to the Court by stipulation and the subsequently issued the Protective Order.  Further, any suggestion by defendant that it would be unfair for this Court to review defendant's designation of documents as "Confidential" because it relied on the Protective Order in producing documents it considers confidential, is meritless when that same Order sets forth a procedure by which a party may challenge the designation of documents.  Further, it is specious for defendant to contend that this Court cannot review the confidentiality designations of the transcripts because some, but not all of them were governed by protective orders issued in other cases,[2] when defendant went ahead and produced these transcripts to plaintiff in this case.

At the end of the day, the issue before the Court is whether the 17 deposition transcripts, <u>in their entirety</u>, constitute confidential information within the scope of

---

[2]    Based on its review, the Court has determined that at least deposition transcripts 1, 2, 5, 8, 9, 16, and 17 have been designated confidential to some extent under some sort of protective orders in their respective cases.  Presumably (although this Court is guessing because it was not provided the operative protective orders from those cases), the protective orders preclude the use of the information garnered in those depositions for any purposes other than for use in those cases.  Yet, defendant never withheld or objected to the production of these transcripts based on the protective orders in place in those jurisdictions.

protection afforded by Rule 26(c). The conclusory assertion by defendant that deposition transcripts contain Equifax's sensitive trade secret information and personal information related to third party consumers, does not satisfy the requirements of the Protective Order, much less provide support for the blanket designation of the transcripts as confidential.   From the Court's cursory review of the deposition transcripts, the Court observed that they do contain some information regarding consumers who had issues with disputes relating to their credit reports and refer to procedures used by defendant with regard to credit disputes.  However, this Court has no <u>evidence</u> before it (as opposed to a conclusory statement by Vicks) so as to allow it to make independent determination that this information amounts to a trade secret or other confidential research, development, or commercial information deserving of protection as contemplated by Rule 26(c).  Moreover, just because some of the information set forth in the depositions may be worthy of Rule 26(c) protection, does not mean that the all of the information contained in these deposition is deserving of protection.[3]  <u>See</u> <u>Brocade Communications Systems, Inc. v. A10 Networks, Inc.</u>, NO. 10-CV-03428-LHK, 2012 WL 70428, *2 n.1 (N.D. Cal. Jan. 9, 2012) ("Exhibit F contains the transcript of the Mr. Sia's 30(b)(6) deposition, and Brocade argues that the transcript should be filed under seal in its entirety because it has been designated "Confidential" and contains confidential information including references to and analysis of both Plaintiffs' and A10's source code files. The Court disagrees, and finds that it would be

---

[3]   Defendant, itself, acknowledged that wholesale marking of a deposition transcript was not proper.  <u>See</u>, <u>e.g.</u>, Deposition Transcript 5, pp. 12-13 (discussing defendant's initial attempt to designate the entire deposition as confidential under the protective order in that case, plaintiff's rejection of that blanket designation, and defendant's acknowledgement that it could not ask that the entire deposition be kept confidential).

inappropriate to file the entire transcript under seal because much of the transcript does not contain personal, confidential or trade secret information."). This Court will not countenance (nor will the law permit) wholesale designation of all documents produced by defendant as confidential under the Protective Order, particularly when many of the depositions were not governed by any protective order when given and when clearly much of the information contained in each deposition does not require protection.

Finally, defendant's burdensome argument fails because it offered no support for this conclusory contention. Broad allegations of burdensomeness, without more, will not suffice. See generally, Wagner v. Dryvit Sys. Inc., 208 F.R.D. 606, 610 (D. Neb. 2001) (holding that "an objection that discovery is overly broad and unduly burdensome must be supported by affidavits or offering evidence revealing the nature of the burden and why the discovery is objectionable. It is not sufficient to simply state that the discovery is overly broad and burdensome…"); see also Sinco, Inc. v. B & O Mfg., Inc., No. 03-5277(JRT/FLN), 2005 WL 1432202 at *2 (D. Minn. May 23, 2005) (citing Mead Corp. v. Riverwood Natural Res. Corp., 145 F.R.D. 512, 515-16 (D. Minn. 1992)) ("The party opposing discovery bears the burden of showing that the discovery request is overly broad and burdensome by alleging facts demonstrating the extent and nature of the burden imposed by preparation of a proper response.").

For all of these reasons, this Court finds that defendant has not met its burden to demonstrate why the contents of all 17 deposition transcripts in their entirety should remain designated as "Confidential" and plaintiff's motion is granted.

J.S.M.