UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Samuel N. Edeh,<br><br>Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC,<br><br>Defendant. | Civil No. 11-CV-2671 (SRN/JSM)<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Samuel N. Edeh, 619 East Center Street, Apartment 1, Rochester, Minnesota 55904, Pro Se.

Andrew T. Shern and Christopher G. Angell, Murnane Brandt, PA, 30 East 7th Street, Suite 3200, St. Paul, Minnesota 55101; J. Anthony Love and Brian J. Olson, King & Spalding, LLP, 1180 Peachtree Street, Atlanta, Georgia 30309, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

### I.    INTRODUCTION

This matter is before the Court on Plaintiff Samuel N. Edeh's Appeal [Doc. No. 154] of Magistrate Judge Janie S. Mayeron's April 23, 2013, Order [Doc. No. 150] granting in part and denying in part Plaintiff's Motion to Compel, Motion to Deem Requests for Admission Admitted, Motion to Extend Discovery Deadline as to Plaintiff Only, and Motion to Increase the Number of Interrogatories Plaintiff May Serve on Defendant [Doc. No. 133]. After reviewing the Magistrate Judge's Order for clear error, the Court affirms the Order for the reasons set forth below.

## II.     BACKGROUND

In this lawsuit, Plaintiff Samuel N. Edeh ("Edeh") alleges that Capital One Bank ("Capital One") failed to properly credit a payment he made on an overdue credit card balance, and that when he contacted Defendant Equifax Information Services, LLC ("Equifax") to dispute the credit report that included the overdue balance, Equifax did not conduct a reasonable investigation into the matter.  The only claim remaining in the lawsuit is Equifax's alleged violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681i.  In particular, the unresolved issues include:  (1) whether Equifax was on notice that the information provided to it by Capital One was inaccurate and, accordingly, it should have done more to investigate; (2) whether Equifax provided Capital One with all of the relevant information regarding the disputes raised by Edeh as to his account; and (3) whether Equifax's alleged conduct constituted a willful violation of the FCRA.  (See Mem. and Order dated Sept. 21, 2012, at 11–16 ("Sept. 21 Summ. J. Order") [Doc. No. 92].)

The matter currently before this Court concerns discovery disputes between the parties.  On December 29, 2012, Edeh brought a Motion to Compel, Motion to Deem Requests for Admission Admitted, Motion to Extend Discovery Deadline as to Plaintiff Only, and Motion to Increase the Number of Interrogatories Plaintiff May Serve on Defendant [Doc. No. 133].  Edeh filed a brief [Doc. No. 134] and affidavit [Doc. No. 135] in support of his motion.  Equifax filed an opposition brief [Doc. No. 143] on January 14, 2013, and multiple declarations [Doc. Nos. 144, 145, 147, 148].  Edeh filed a reply brief on January 17, 2013 [Doc. No. 149].  The parties submitted the motion on the papers, and the

Magistrate Judge issued an order on April 23, 2013, granting in part and denying in part Edeh's motion. (Order dated Apr. 23, 2013, at 1 ("Apr. 23 Order") [Doc. No. 150].)

Relevant to this Appeal, Edeh challenged Equifax's response to Interrogatory No. 2 of Plaintiff's Second Set of Interrogatories in his motion. (See Mem. of Law in Supp. of Pl.'s Mot. to Compel, Mot. to Deem Requests for Admission Admitted, Mot. to Extend Disc. Deadline as to Pl. Only, and Mot. to Increase the Number of Interrogs. Pl. May Serve on Def. at 18–19 ("Pl.'s Mem.") [Doc. No. 134].) Interrogatory No. 2, and Equifax's response, are as follows:

> **INTERROGATORY NO. 2:**
>
> What are the minimum qualifications for your dispute clerk or operator, listing the minimum education and training requirement(s) before your dispute clerk or operator can be hired.
>
> **RESPONSE TO INTERROGATORY NO. 2:**
>
> Equifax objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad and unduly burdensome. Equifax further objects to this Interrogatory on the basis that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Equifax further objects to the extent that this Interrogatory seeks the disclosure of confidential, trade secret, and/or proprietary information.

(Edeh Aff., Ex. C, at 7 [Doc. No. 135].) In response to Edeh's motion, Equifax agreed to produce, pursuant to the protective order in this case, a summary of the training the operators are required to undertake. (Def.'s Mem. in Opp. to Pl.'s Mot. to Compel, Mot. to Deem Requests for Admission Admitted, Mot. to Extend the Disc. Deadline as to Pl. Only, and Mot. to Increase the Number of Interrogs. Pl. May Serve on Def. at 8–9 ("Def.'s Opp. Mem.") [Doc. No. 143].) Edeh, however, claimed the minimum educational qualifications

of the operators are also relevant to his claim. (Pl.'s Mem. at 18–19 [Doc. No. 134].) The Magistrate Judge found that the information regarding the minimal educational requirements for Equifax's dispute operators is neither relevant nor reasonably calculated to lead to the discovery of admissible information and denied Edeh's motion in that regard. (Apr. 23 Order at 19–20 [Doc. No. 150].)

Edeh also challenged Equifax's responses to Requests for Production Nos. 1 and 2 of Plaintiff's Second Set of Requests for Production of Documents. (Pl.'s Mem. at 19–23 [Doc. No. 134].) Request for Production No. 1, and Equifax's response, state:

> **REQUEST FOR PRODUCTION NO. 1:**
>
> If dispute clerks or operators who handled plaintiff's disputes are not direct employees of Equifax, please produce your contract with the corporation or agency that employed the dispute clerks or operators who handled plaintiff's disputes.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**
>
> Equifax objects to this Request on the basis that it is overbroad, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Equifax states that it is not in possession of any documents responsive to this Request.

(Edeh Aff., Ex. C, at 11 [Doc. No. 135].) Equifax thereafter agreed to produce, subject to the protective order and with pricing information redacted, a copy of the agreement with the vendor that handled Edeh's disputes regarding his Capital One account. (Def.'s Opp. Mem. at 10 [Doc. No. 143].) Edeh maintained that the agreement should be produced in an unredacted format. (Pl.'s Reply Mem. in Supp. of His Mot. to Compel, Mot. to Deem Requests for Admission Admitted, Mot. to Extend Disc. Deadline as to Pl. Only, and Mot.

to Increase the Number of Interrogs. Pl. May Serve on Def. at 5 ("Pl.'s Reply Mem.") [Doc. No. 149].) The Magistrate Judge denied Edeh's request on the grounds that the pricing information is irrelevant to the remaining issues in the case. (Apr. 23 Order at 22 [Doc. No. 150].)

> Request for Production No. 2, and Equifax's response, state:
>
> **REQUEST FOR PRODUCTION NO. 2:**
>
> Please produce your employment, salary, and disciplinary records or history for your operators or dispute clerks who handled plaintiff's disputes.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
>
> Equifax objects to this Request on the basis it is overbroad, and seeks information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Equifax further objects to this Request to the extent it seeks the production of confidential, private information concerning certain individuals. Subject to and without waiving these objections, Equifax states that it is not in possession of any documents responsive to this Request.

(Edeh Aff., Ex. C, at 11 [Doc. No. 135].) In response to Edeh's motion, Equifax argued that it is not in possession of its vendors' personnel records, that Edeh's request ignores the privacy issues governing personnel files, and that the information is irrelevant. (Def.'s Opp. Mem. at 10–11 [Doc. No. 143].) Edeh, however, argued that Equifax can obtain the files from its vendors and that the information is relevant to determining the amount Equifax spends on processing consumer disputes and whether Equifax has any indirect incentive programs in place. (Pl.'s Mem. at 22–23 [Doc. No. 134].) Edeh also argued that any privacy concerns could be addressed by the protective order in this case. (Pl.'s Reply Mem. at 4 [Doc. No. 149].) The Magistrate Judge denied Edeh's motion as to Request for

Production No. 2, finding that Edeh had not articulated the relevancy of the requested non-party personnel folders to the issues remaining in this case. (Apr. 23 Order at 22–23 [Doc. No. 150].)

Finally, Edeh challenged Equifax's representations that it conducted a "reasonable inquiry" and its assertions of a "lack of knowledge" in response to Edeh's Amended Second Set of Requests for Admissions Nos. 10, 11, and 12. (Pl.'s Mem. at 10 [Doc. No. 134].) Edeh argued that Equifax should be required to provide a description of the investigation it conducted before claiming "reasonable inquiry" and "lack of knowledge." (Id.) Equifax did not directly respond to this argument; instead, it addressed specific issues with regard to the Requests. (See Def.'s Opp. Mem. at 13–14, 19–20 [Doc. No. 143].) The Magistrate Judge found that Equifax's assertion that it lacked knowledge in response to a request for admission was proper because it also stated it had conducted a reasonable inquiry. (Apr. 23 Order at 8 [Doc. No. 150].) Therefore, the Magistrate Judge did not require Equifax to describe the investigations it undertook in order to respond to the Requests. (Id.)

Similarly, Edeh challenged Equifax's representations that it is "not in possession" of documents responsive to Requests for Production Nos. 3 and 4 of Plaintiff's Second Set of Requests for Production of Documents. (Pl.'s Mem. at 23–26 [Doc. No. 134].) Edeh argued that Equifax switched the vendors that handle its disputes in order to reduce costs and so Equifax must have related financial and budgetary projections. (Id.) Edeh asserted that Equifax must produce the information if it can be extracted from Equifax's existing system or documents. (Pl.'s Reply Mem. at 5 [Doc. No. 149].) Equifax maintained its position that it is not in possession of responsive documents. (Def.'s Opp. Mem. at 11–12

6

[Doc. No. 143].)  Edeh raised similar arguments in regard to Equifax's assertion that it does not maintain the information requested in Interrogatory No. 1(c) of Plaintiff's Second Set of Interrogatories.  (See id. at 8; Pl.'s Reply Mem. at 2–3 [Doc. No. 149].)  The Magistrate Judge found that Equifax could not be compelled to produce documents or information that it does not possess or that do not exist.  (See Apr. 23 Order at 19, 24 [Doc. No. 150].)  Therefore, the Magistrate Judge also denied Edeh's motion to compel in regard to Requests for Admissions Nos. 10 through 12, Requests for Production Nos. 3 and 4, and Interrogatory No. 1(c).  (See id. at 8, 19, 24.)

Edeh filed his Appeal of the April 23 Order on April 30, 2013, pursuant to Local Rule 72.2(a) [Doc. No. 154].

### III. DISCUSSION

#### A. Standard of Review

Discovery-related motions are nondispositive motions.  D. Minn. LR 7.1(b)(4)(A).  "The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential."  Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The Court must affirm the order unless it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); accord D. Minn. LR 72.2(a)(3).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).  If the magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though had it

been sitting as the trier of fact, it would have weighed the evidence differently. Anderson v. Bessemer City, 470 U.S. 564, 573–74 (1985).

### B. Objections

Edeh objects to the following portions of the April 23 Order: (1) the Magistrate Judge's finding that the educational requirements for Equifax's dispute operators requested in Interrogatory No. 2[1] are irrelevant; (2) the Magistrate Judge's determination that the pricing information in Equifax's vendor agreement sought in Request for Production No. 1 is irrelevant; and (3) the Magistrate Judge's denial of discovery of the third-party personnel records sought in Request for Production No. 2. (See Pl.'s Appeal of the Apr. 23, 2013 Order of the Magistrate Judge Regarding Pl.'s Mot. to Compel, Mot. to Deem Requests for Admission Admitted, Mot. to Extend Disc. Deadline as to Pl. Only, and Mot. to Increase the Number of Interrogs. Pl. May Serve on Def. at 1–6 ("Pl.'s Appeal") [Doc. No. 154].) In addition, Edeh objects to the April 23 Order to the extent it denied Edeh's motion to compel information from Equifax where Equifax maintained it lacks knowledge or possession. (See id. at 7–12.) Finally, Edeh argues that, for purposes of his motion to compel and this Appeal, Equifax is responsible for its vendors' actions. (See id. at 13.)

---

[1] Edeh cites to Interrogatory No. 1 of his Second Set of Interrogatories in this section of his Appeal. (See Pl.'s Appeal at 1 n.1 [Doc. No. 154].) However, Interrogatory No. 2 is the interrogatory that requests the educational requirements for Equifax's operators. (See Edeh Aff., Ex. C, at 7 [Doc. No. 135].) The Court will, therefore, assume that Edeh meant to challenge the Magistrate Judge's ruling on Interrogatory No. 2.

### 1.     Interrogatory No. 2

Edeh first objects to the Magistrate Judge's determination that only the training requirements, and not the educational requirements, for the dispute operators as requested in Interrogatory No. 2 are relevant to Edeh's claim.  (See Pl.'s Appeal at 1–2 [Doc. No. 154].)  Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Edeh argues that the operators' ability to read, interpret, understand, and analyze documents is relevant to whether they properly examined the information in consumer disputes as part of the FCRA investigation and whether they were able to benefit from their training.  (Pl.'s Appeal at 2, 4 [Doc. No. 154].)  However, as noted by the Magistrate Judge, the minimum educational requirements of the dispute operators are not relevant to the issues remaining in this case.  Whether a dispute operator is required to have a master's degree versus a high school diploma has no bearing on whether Equifax was on notice that the information provided to it by Capital One was inaccurate, whether Equifax should have done more to investigate, or whether Equifax provided Capital One with all of the relevant information regarding the disputes raised by Edeh.  Therefore, the Magistrate Judge's finding is not clearly erroneous.[2]

---

[2]     In addition, the cases Edeh cites in his Appeal are not relevant to this issue.  Joyce v. RJR Nabisco Holdings Corp. is an ERISA case in which the court analyzed whether a

9

## 2. Request for Production No. 1

Edeh next objects to the Magistrate Judge's determination that the pricing information in Equifax's vendor agreement sought in Request for Production No. 1 is irrelevant. (See Pl.'s Appeal at 4 [Doc. No. 154].) Again, pursuant to Rule 26 of the Federal Rules of Civil Procedure, a party can obtain discovery of nonprivileged information that is relevant to the party's claim. Fed. R. Civ. P. 26(b)(1). Edeh notes that the Magistrate Judge stated in her Order regarding Request for Production No. 1 that the pricing information contained in the vendor agreement is not relevant to the remaining issues in this case, but that she then states in regard to Request for Production No. 2 that the amount Equifax pays its vendor to handle disputes may be relevant to whether Equifax had a duty to go beyond the original source to verify the accuracy of the information received. (Pl.'s Appeal at 4 [Doc. No. 154].) While there does appear to be a discrepancy in the Magistrate Judge's Order, (see Apr. 23 Order at 22–23 [Doc. No. 150]), this Court finds that the pricing information in Equifax's vendor agreement is not relevant to the remaining issues in this case, including whether Equifax had a duty to go beyond the original source to verify the accuracy of the information received. Therefore, the Magistrate Judge's denial of Edeh's request for an unredacted copy of the vendor agreement sought in Request for Production No. 1 is not clearly erroneous.

---

benefits department had a fiduciary obligation to ensure the plaintiff understood his benefits manual. 126 F.3d 166, 175 (3d Cir. 1997). And, the court in Nikkel v. Wakefield & Associates Inc. was concerned with whether a plaintiff understood the scope of her rights under the Federal Debt Collection Practices Act and the effect of waiving those rights. Civ. Action No. 10-cv-02411-PAB-CBS, 2012 WL 5571058, at *6 (D. Colo. Nov. 15, 2012).

### 3.     Request for Production No. 2

Edeh also objects to the Magistrate Judge's denial of discovery of the third-party personnel records sought in Request for Production No. 2. (Pl.'s Appeal at 6 [Doc. No. 154].)  As noted above, a party can obtain discovery of nonprivileged information that is relevant to the party's claim.  Fed. R. Civ. P. 26(b)(1).  However, "to order the production of . . . non-party employee files—even under the restrictions of a [p]rotective [o]rder—is not a step which the Court should lightly undertake."  Raddatz v. The Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997).

Edeh argues that, at the very least, he is entitled to information concerning the dispute operators' promotions and demotions, performance-related disciplinary actions, job-related awards or recognition, educational and training background, complaints related to work conditions or compensation, and compensation.  (Pl.'s Appeal at 6 [Doc. No. 154].)  Edeh asserts that such information is relevant to show whether the dispute operators are rewarded for efficiency over accuracy and because compensation might affect the operators' performance.  (Id.)

As discussed above, however, the remaining issues in this case include whether Equifax was on notice that the information provided to it by Capital One was inaccurate, whether Equifax should have done more to investigate, and whether Equifax provided Capital One with all of the relevant information regarding the disputes raised by Edeh as to his account.  (See Sept. 21 Summ. J. Order at 11–16 [Doc. No. 92].)  Whether Equifax had a duty to go beyond the original source to verify the accuracy of the information received depends on multiple factors, including "'whether the consumer has alerted the reporting

agency to the possibility that the source may be unreliable or the reporting agency itself knows or should know that the source is unreliable,'" and "'the cost of verifying the accuracy of the source versus the possible harm inaccurately reported information may cause the consumer.'" Cushman v. Trans Union Corp., 115 F.3d 220, 225–26 (3d Cir. 1997) (quoting Henson v. CSC Credit Servs., 29 F.3d 280, 287 (7th Cir. 1994)). The personnel information requested by Edeh has no bearing on these issues. Therefore, the Magistrate Judge's finding that the information sought in Request for Production No. 2 is irrelevant is not clearly erroneous.

### 4. Lack of Knowledge or Possession

Finally, Edeh objects to the Magistrate Judge's determination that Equifax's assertions of "lack of knowledge" or "lack of possession" after making a "reasonable inquiry" are sufficient responses to discovery requests. (Pl.'s Appeal at 7 [Doc. No. 154].) While Edeh attempts to apply this objection to "each and every" discovery request to which Equifax asserted lack of knowledge or lack of possession, (see id. at 12), the Court will only address those requests which Edeh specifically identified in his Appeal: Requests for Production Nos. 3 and 4 of Plaintiff's Second Set of Requests for Production of Documents; Requests for Admissions Nos. 10, 11, and 12 of Plaintiff's Amended Second Set of Requests for Admissions; and Interrogatory No. 1(c)[3] of Plaintiff's Second Set of

---

[3] Edeh also references Interrogatory No. 1(d) of Plaintiff's Second Set of Interrogatories in this section of his Appeal. (See Pl.'s Appeal at 7 n.4 [Doc. No. 154].) Subsection (d) seeks an explanation of any incentive programs Equifax had that might affect the dispute clerks. (Edeh Aff., Ex. C, at 6–7 [Doc. No. 135].) However, the response to that request was not "lack of knowledge" or "lack of possession"; rather, the response was "none." (See Apr. 23 Order at 16–19 [Doc. No. 150].) Edeh does not state any arguments

12

Interrogatories, (see id. at 7 n.4).  Edeh asks that this Court require Equifax to detail both the efforts it undertook to contact third parties to obtain the requested information and the investigations it made of its own databases.  (Id. at 12.)  Presumably, the latter request is based on Edeh's contention that much of the requested information can be "extracted" from Equifax's own databases and that Equifax should, therefore, be required to produce that information.  (See Pl.'s Reply Mem. at 2–3, 5.)

      Edeh's arguments fail for three reasons.  First, a mere belief, without any evidence, that a party has not produced documents or information in its possession, is insufficient to support a motion to compel.  See Century Indus. Co. v. Rosemount Inc., No. Civ. 01-103 (DWF/AJB), 2002 WL 1035455, at *2 (D. Minn. May 21, 2002) (finding no clear error in denial of a motion to compel when the motion was based on "rank speculation" that the defendants had more complete copies of responsive documents than those that had been produced).  Edeh's belief that Equifax has the requested information is based on data allegedly reported by two outside sources, the Consumer Financial Protection Bureau and the Federal Trade Commission, as well as the fact that Equifax uses an online dispute filing system.  (Pl.'s Appeal at 7, 10–11 [Doc. No. 154].)  However, the only information Edeh alleges those sources have is the number of disputes handled by Equifax (see id. at 7–8, 11), and none of the requests at issue seek discovery of that information.  Rather, Requests for Admissions Nos. 10, 11, and 12 seek admissions about the amount of time it took Equifax's agents to process Edeh's disputes and other consumers' disputes.  (See

---

in his Appeal as to why Equifax's response to that subsection is insufficient.  Therefore, the Court will only address subsection (c) of Interrogatory No. 1.

Edeh Aff., Ex. C, at 2–3 [Doc. No. 135].)  Requests for Production Nos. 3 and 4 seek "budgetary projections for the cost of reinvestigations" and Equifax's "budget indicating how costs . . . are allocated," respectively.  (Id. at 11–12.)  And, Interrogatory No. 1(c) seeks information about the average number of disputes Equifax's employees process per hour.  (See id. at 6–7.)  Therefore, Edeh's belief that Equifax has the requested information is based on mere speculation and provides the Court with insufficient reason to question Equifax's responses.[4]

Second, under Rule 36 of the Federal Rules of Civil Procedure, a party "may assert lack of knowledge or information as a reason for failing to admit or deny" a request for admission "if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4).  According to the Advisory Committee Notes, this Rule "requires only that the answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him. . . . Rule 36 requires only that the party state that he has taken these steps."  Id. (1970 Amendment).  In response to Requests for Admission Nos. 10 through 12, Equifax stated:  "Upon reasonable inquiry, Equifax can neither admit nor deny this Request."  (Edeh Aff., Ex. C, at 2–3 [Doc. No. 135].)  Therefore, Equifax has complied with Rule 36 by stating that it made a reasonable

---

[4] In his reply brief in the underlying motion, Edeh also claimed that because Equifax had provided information regarding its quota system eight years ago in another case, it could do so again now.  (See Pl.'s Reply Mem. at 13–15 [Doc. No. 134].)  He did not raise this objection in his Appeal.  At any rate, Equifax has stated that the previous case involved a vendor that was not used in the present situation.  (Def.'s Opp. Mem. at 20 [Doc. No. 143].)  Therefore, again, Edeh's contentions are based on mere speculation.

14

inquiry and could not thereafter answer the request. Because, as discussed above, Edeh has not provided the Court with any concrete basis for believing that Equifax is being untruthful, Equifax's responses to Requests for Admission Nos. 10, 11, and 12 are sufficient.

Third, under Rule 34 of the Federal Rules of Civil Procedure, a party need only produce those documents that are in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Edeh cites <u>Gonzales v. Google, Inc.</u>, 234 F.R.D. 674 (N.D. Cal. 2006), for the proposition that Equifax should be required to "extract" the requested information from its databases. (Pl.'s Reply Mem. at 2–3, 5 [Doc. No. 149].) However, in that case, the entity did not argue that it did not have the information requested; instead, it argued that it would be an undue burden to produce the information because it was not maintained in the ordinary course of business in the requested format. <u>Gonzales</u>, 234 F.R.D. at 683. Here, Equifax maintains that it does not have the documents requested in Requests for Production Nos. 3 and 4. If Equifax does not have the documents in its possession, custody, or control, it cannot be compelled to produce them. Because Edeh has not provided the Court with any concrete basis for believing that Equifax is being untruthful, Equifax's responses to Requests for Production Nos. 3 and 4 are sufficient.

A party may sometimes be required to compile or summarize its business records in order to respond to an interrogatory, <u>see</u> Fed. R. Civ. P. 33(d), as Edeh asserts should be required of Equifax in response to Interrogatory No. 1(c), (<u>see</u> Pl.'s Reply Mem. at 2–3 [Doc. No. 149]). However, Equifax has represented that it does not "maintain" the requested information. (Def.'s Opp. Mem. at 8 [Doc. No. 143].) Moreover, because the

15

remaining issues in this case relate only to Edeh's dispute with Equifax, the Court fails to see why the average number of disputes that an Equifax clerk or operator processes in one work hour is relevant.  Therefore, Equifax's response to Interrogatory No. 1(c) is also sufficient.

Likewise, the Court denies Edeh's request that Equifax be required to explain the steps it took to obtain the requested information.  Edeh cites In re Porsche Cars North America, Inc., No. 2:11-md-2233, 2012 WL 4361430 (S.D. Ohio Sept. 25, 2012), for the proposition that courts have required parties to reveal their search methodology in similar cases.  (Pl.'s Appeal at 10 [Doc. No. 154].)  That case involved the plaintiffs' request for production of "all documents between or among" a defendant company and its co-defendant parent company "concerning the carrying on of business together in any capacity."  In re Porsche Cars, 2012 WL 4361430, at *7.  The court found the fact that only fifteen emails had been produced weighed in favor of requiring the defendants to explain their search methodology.  Id.  The present situation is very different.  The requests at issue are much more specific than "all" business-related documents between two companies.  Therefore, the fact that Equifax asserts it has no responsive information or documents does not, itself, cause the Court concern.  Moreover, as discussed above, Edeh has presented no other evidence to suggest that Equifax has not conducted a reasonable inquiry or responded truthfully to the discovery requests.

For these reasons, the Magistrate Judge's rulings on Requests for Admissions Nos. 10 through 12, Requests for Production Nos. 3 and 4, and Interrogatory No. 1(c) are not clearly erroneous.

### 5. Equifax and Its Vendors

Edeh contends that Equifax is responsible for the actions or inactions of its vendors and, therefore, that they should be treated the same for purposes of Edeh's Motion to Compel and his Appeal. (Pl.'s Appeal at 13 [Doc. No. 154].) Edeh does not point the Court to any specific discovery requests to which this proposition should apply. (See id. at 12–13.) Therefore, the Court will not address this argument.

In light of the deference accorded to orders of magistrate judges on nondispositive issues, this Court finds that the Magistrate Judge's Order granting in part and denying in part Plaintiff's Motion to Compel, Motion to Deem Requests for Admission Admitted, Motion to Extend Discovery Deadline as to Plaintiff Only, and Motion to Increase the Number of Interrogatories Plaintiff May Serve on Defendant was not clearly erroneous or contrary to law.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Appeal [Doc. No. 154] to the Magistrate Judge's April 23, 2013, Order [Doc. No. 150] is **OVERRULED**; and

2. The Magistrate Judge's April 23, 2013, Order [Doc. No. 150] is **AFFIRMED**.

Dated: August 5, 2013         s/Susan Richard Nelson
                              SUSAN RICHARD NELSON
                              United States District Judge