# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Samuel N. Edeh,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC,<br><br>　　　　Defendant. | Civil No. 11-CV-2671 (SRN/JSM)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Samuel N. Edeh, 619 East Center Street, Apartment 1, Rochester, Minnesota 55904, pro se.

Andrew T. Shern and Christopher G. Angell, Murnane Brandt, PA, 30 East 7th Street, Suite 3200, St. Paul, Minnesota 55101; J. Anthony Love and Brian J. Olson, King & Spalding, LLP, 1180 Peachtree Street, Atlanta, Georgia 30309, for Defendant.

SUSAN RICHARD NELSON, United States District Court Judge

## I.　　INTRODUCTION

This matter is before the Court on both Plaintiff Samuel N. Edeh's and Defendant Equifax Information Services, LLC's, appeals [Doc Nos. 240, 244] of Magistrate Judge Janie S. Mayeron's August 5, 2013, Order [Doc. No. 237] denying Defendant's Motion to Set Aside Admissions [Doc. No. 206]. For the reasons set forth below, the Court respectfully reverses the Magistrate Judge's Order.

## II.　　BACKGROUND

In this lawsuit, Plaintiff Samuel N. Edeh ("Edeh") alleges that Capital One Bank failed to properly credit a payment he made on an overdue credit card balance, and that

when he contacted Defendant Equifax Information Services, LLC ("Equifax") to dispute the credit report that included the overdue balance, Equifax did not conduct a reasonable investigation into the matter as required under the Fair Credit Reporting Act, 15 U.S.C. § 1681i. Discovery in this case closed on January 1, 2013, the deadline for nondispositive motions was January 15, trial-related pleadings are due on September 16, and trial is scheduled to begin on October 8, 2013. (See Order/Am. Pretrial Scheduling Order dated Oct. 30, 2012, at 2 [Doc. No. 118]; Second Am. Trial Notice and Final Pretrial Order [Doc. No. 229].)

The matter currently before this Court concerns a discovery dispute between the parties. On October 9, 2012, Edeh served his First Set of Requests for Admissions on Equifax by U.S. mail. (See Cert. of Serv. dated Aug. 6, 2013 [Doc. No. 239].) On that date, he also served his Second Set of Interrogatories and Second Set of Requests for Production of Documents. (Olson Decl., ¶ 7 [Doc. No. 245].) On Monday, November 12, counsel for Equifax emailed Edeh and asked for an extension of time to respond to Edeh's "discovery." (Edeh Aff. dated Aug. 26, 2013 ("Aug. 26 Edeh Aff.") ¶ 4 & Ex. C [Doc. No. 248].) Edeh responded that Equifax could have until the following Monday, which was November 19. (See id.) Equifax served its Objections and Responses to Plaintiff's First Set of Requests for Admissions by U.S. mail on that date. (See Edeh Aff. dated Aug. 6, 2013, Ex. A [Doc. No. 241-1].)

2

Meanwhile, on October 15, 2012, Edeh served his Amended First Set of Requests for Admissions on Equifax by U.S. mail.[1] (See Cert. of Serv. dated June 24, 2013 [Doc. No. 188].) In mid-December, when Edeh had not yet received Equifax's responses, Edeh contacted Equifax. (See Pl.'s Mem. of Law in Supp. of Mot. to Compel, Mot. to Deem Requests for Admission Admitted, Mot. to Extend Disc. Deadline as to Pl. Only, and Mot. to Increase No. of Interrogs. Pl. May Serve on Def. at 31 ("Pl.'s Mem. in Supp. Mot. to Deem Requests Admitted") [Doc. No. 134]; Olson Decl. ¶ 8 [Doc. No. 245].) Lead counsel for Equifax claimed that he had not received a copy of the Amended First Set of Requests for Admissions from local counsel and so did not realize the amended requests had been served. (Olson Decl. ¶ 5.) After receiving Edeh's inquiries, (id. ¶ 8), Equifax's lead counsel claims he "quickly proceeded to prepare and serve responses," (id. ¶ 6). Equifax served its responses on December 26, 2012. (Id. ¶ 9.)

On December 29, 2012, Edeh brought a motion to deem the Amended First Set of Requests for Admissions admitted [Doc. No. 133]. Edeh argued that Equifax's responses were untimely pursuant to Rule 36 of the Federal Rules of Civil Procedure and that he would be prejudiced if the responses were allowed. (See Pl.'s Mem. in Supp. Mot. to Deem

---

[1] The Certificate of Service indicates that Edeh mailed the document on October 15, but his declaration states that he mailed the document on October 13. (See Aug. 26 Edeh Aff. ¶ 3 [Doc. No. 248].) While Edeh also sent the Amended First Set of Requests for Admissions to Equifax by email on October 13, (see Cert. of Serv. dated June 24, 2013 [Doc. No. 188]), Plaintiff does not contend that Equifax ever consented to receipt of service by email. Whether the Amended First Set of Requests for Admissions was served on October 13 or October 15 is irrelevant for purposes of the present analysis, however, because Equifax admittedly did not serve its responses to the requests until December 26, over a month late even using October 15 as the date of service. (See Olson Decl. ¶ 9 [Doc. No. 245].)

3

Requests Admitted at 31–34 [Doc. No. 134].) In opposition, Equifax argued that the Amended First Set of Requests for Admissions was not properly served and that deeming those requests admitted would be unfairly prejudicial to Equifax. (See Def.'s Mem. in Opp. to Pl.'s Mot. to Compel, Mot. to Deem Requests for Admission Admitted, Mot. to Extend Disc. Deadline as to Pl. Only, and Mot. to Increase No. of Interrogs. Pl. May Serve on Def. at 22–26 [Doc. No. 143].) The Magistrate Judge issued an order on April 23, 2013, granting Edeh's motion. (Order dated Apr. 23, 2013, at 2 [Doc. No. 150].) The Magistrate Judge found that the Amended First Set of Requests for Admissions had been properly served on Equifax by mail on October 15, 2012, and, therefore, that Equifax's December 26 responses were untimely and automatically deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3). (See id. at 8–10.) However, the Magistrate Judge also noted that Equifax could bring a motion to withdraw the admissions and substitute them with its late responses. (See id. at 10 & n.3.)

Equifax did not appeal the Magistrate Judge's April 23 Order, nor did it promptly file a motion to withdraw the admissions. Rather, counsel for Equifax contends that, while a draft of a motion to set aside the admissions was ready to be filed on May 1, it was not filed on that date due to "an internal inadvertent oversight." (Olson Decl. ¶ 11 [Doc. No. 245].) Instead, on May 23, Equifax moved for summary judgment on Edeh's remaining claims against Equifax [Doc. No. 175]. According to counsel for Equifax, Edeh's reliance on the deemed admissions in response to Equifax's summary judgment motion did not alert him to the fact that Equifax's motion to withdraw the admissions had not been filed; instead, he assumed that the court had not yet ruled on the motion. (Olson Decl. ¶ 12.) On June 28,

4

Edeh, too, moved for summary judgment on his remaining claims against Equifax [Doc. No. 192]. Again, he relied in part on the deemed admissions. (See Mem. of Law in Supp. of Pl.'s Mot. for Summ. J. at 18–23 [Doc. No. 193].)

Despite Edeh's reliance on the deemed admissions, Equifax did not file its Motion to Set Aside Admissions until July 9 [Doc. No. 206]. In its Motion, Equifax requested that the admissions to Edeh's Amended First Set of Requests for Admissions be withdrawn and that its December 26 responses be substituted in their place. (See Mem. in Supp. of Def.'s Mot. to Set Aside Admissions at 1 [Doc. No. 207].) Equifax argued that withdrawing the admissions would promote presentation of the merits of the case and would not be prejudicial to Edeh. (See id. at 5–9.) Prior to filing the Motion that day, counsel for Equifax emailed Edeh to engage in the required meet and confer, warning Edeh that Equifax would file a motion to withdraw the admissions if Edeh would not agree that the admissions should not be deemed admitted. (See Def.'s Mot. to Set Aside Admissions at 2 [Doc. No. 206]; Def.'s Supplemental Meet and Confer Statement at 2 [Doc. No. 214]; Email dated July 9, 2013 [Doc. No. 212-2].) He was unable to reach Edeh. (Def.'s Mot. to Set Aside Admissions at 2.)

On July 11, Edeh filed a brief in opposition to Equifax's Motion, arguing that the Magistrate Judge should deny the Motion for failure to comply with the meet and confer requirement, (see Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Set Aside Admissions at 1–4 [Doc. No. 212]); on the merits pursuant to Rule 36(b), (see id. at 7–23); and for failure to demonstrate good cause (see id. at 23–28). Equifax contacted Edeh on July 12 to attempt another meet and confer and then filed a Supplemental Meet and Confer Statement on July

5

16, noting that the parties were unable to reach an agreement with respect to Equifax's Motion. (See Def.'s Supplemental Meet and Confer Statement at 2–3 [Doc. No. 214].)

On August 5, the Magistrate Judge issued an order denying Equifax's Motion to Set Aside Admissions. The Magistrate Judge stated three independent grounds for her ruling: (1) Equifax failed to engage in the meet-and-confer process contemplated by Federal Rule of Civil Procedure 37 and Local Rule 7.1, (see Order dated Aug. 5, 2013, at 4–6 ("Aug. 5 Order") [Doc. No. 237]); (2) allowing the admissions to stand would not materially impair Equifax's ability to defend itself, but withdrawing the admissions at this time would prejudice Edeh, (see id. at 8–12); and (3) Equifax demonstrated no good cause for its considerable delay in bringing the Motion, (see id. at 12–13). Both parties appealed the Magistrate Judge's Order.

### III. DISCUSSION

#### A. Standard of Review

Discovery-related motions are nondispositive motions. D. Minn. LR 7.1(b)(4)(A). "The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The Court must affirm the order unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); accord D. Minn. LR 72.2(a)(3). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). If the magistrate judge's account of the evidence is plausible in light of the

record viewed in its entirety, the reviewing court may not reverse it even though had it been sitting as the trier of fact, it would have weighed the evidence differently. Anderson v. Bessemer City, 470 U.S. 564, 573–74 (1985).

### B. Defendant's Objections

Equifax filed its appeal of the Magistrate Judge's Order on August 22 [Doc. No. 244]. Equifax objects to the following portions of the Order: (1) the Magistrate Judge's finding that Equifax violated Local Rule 7.1 by failing to meet and confer with Edeh before filing its Motion to Set Aside Admissions; (2) the Magistrate Judge's determination that the requirements of Rule 36(b) were not met; and (3) the Magistrate Judge's determination that Equifax was required to, and did not, demonstrate good cause for its delay in filing its Motion. (See Def.'s Objections to the Magistrate Judge's Order Denying Def.'s Mot. to Set Aside Admissions at 8–22 ("Def.'s Objs.") [Doc. No. 244].) In addition, Equifax requests that the Court overrule Edeh's objections to the Magistrate Judge's Order.[2] (See id. at 1.) Edeh filed a brief [Doc. No. 247] and an affidavit [Doc. No. 248] in opposition to Equifax's appeal.

---

2   As noted by Edeh, Equifax's appeal brief contains 3,995 words. (See Pl.'s Resp. to Def.'s Objections to the Magistrate Judge's Order Denying Def.'s Mot. to Set Aside Admissions ("Pl.'s Resp. to Def.'s Objs.") at 1 [Doc. No. 247]; Local Rule 7.1 Cert. of Compliance at 1 [Doc. No. 244-1].) Pursuant to Local Rule 72.2(c)(1), however, objections to magistrate judge orders may not exceed 3,500 words, except with the Court's prior permission. Edeh claims that he has been prejudiced by Equifax's violation of the Rule because he had to significantly reduce the length of his own brief. (See Pl.'s Resp. to Def.'s Objs. at 1–2.) Although Equifax did not seek the Court's permission to exceed the word limit, the Court does not find that Edeh has been unduly prejudiced. Many of the arguments raised by Edeh in response to Equifax's appeal are duplicative of the arguments he raised in his own appeal. In addition, if Edeh needed an increase in the word limit, he could have moved the Court for permission. He did not do so.

7

### 1. Meet and Confer

Equifax first objects to the Magistrate Judge's determination that it violated Local Rule 7.1 by failing to engage in the appropriate meet-and-confer process before filing its Motion to Set Aside Admissions. (See Def.'s Objs. at 8–10 [Doc. No. 244].) Local Rule 7.1 states:

> Before filing a motion other than a motion for a temporary restraining order or a motion under Fed. R. Civ. P. 56, the moving party must, <u>if possible</u>, meet and confer with the opposing party in a good-faith effort to resolve the issues raised by the motion. The moving and opposing parties need not meet in person.
>
> . . . .
>
> <u>Ordinarily</u>, the moving party must file a meet-and-confer statement together with the motion that it relates to. <u>But if the opposing party was unavailable to meet and confer before the moving party files its motion, the moving party must promptly meet and confer after filing the motion and must supplement the motion with a meet-and-confer statement.</u>

D. Minn. LR 7.1(a)(1)(A) (emphases added).

Here, Equifax emailed Edeh on July 9 to engage in the required meet-and-confer process. At that time, Equifax warned Edeh that it would file a motion to withdraw the admissions if Edeh would not agree with its position. Equifax then proceeded to file its Motion to Set Aside Admissions that same day, without receiving a response from Edeh. Equifax did, however, email Edeh again after filing the motion and file a supplemental meet-and-confer statement. While the Magistrate Judge found that "Equifax failed to provide Edeh with an adequate amount of time to address its demands prior to filing the . . . motion, much less engage in the robust meet-and-confer process contemplated under Rule 37 and 7.1," (Aug. 5 Order at 5 [Doc. No. 237]), the Magistrate Judge did not, as Equifax

8

noted, mention the supplemental statement in reaching her decision, (see Def.'s Objs. at 9.) While this Court does not encourage the practice of filing a motion such a short time after attempting to meet and confer, the Court finds that Equifax technically complied with the plain language of Local Rule 7.1. Therefore, the Court respectfully finds that the Magistrate Judge's denial of Equifax's Motion for failure to comply with Local Rule 7.1 is contrary to law.

### 2. Rule 36(b) Requirements

Equifax next objects to the Magistrate Judge's determination that the requirements of Rule 36(b) were not satisfied in this case. (See Def.'s Objs. at 10–17 [Doc. No. 244].) Pursuant to Rule 36(b):

> A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. . . .

Fed. R. Civ. P. 36(b). As correctly noted by the Magistrate Judge, "[t]he two-prong test of Rule 36(b) directs the court to consider the 'effect upon the litigation and prejudice to the resisting party' . . . rather than focusing on the moving party's excuses for an erroneous admission." FDIC v. Prusia, 18 F.3d 637, 640 (8th Cir. 1994) (citations omitted). Thus, Rule 36(b) "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Fed. R. Civ. P. 36(b), Advisory Committee Notes (1970).

#### a. Presentation on the Merits

Rule 36(b)'s first prong focuses on whether permitting withdrawal of admissions would promote the moving party's ability to have the case heard on the merits. Prusia, 18 F.3d at 640. When a material fact is clearly contested, considering that fact to be admitted precludes, rather than promotes, presentation of the case on the merits. See id. at 641 ("Permitting the amendment of responses to a request for admissions is in the interests of justice if the record demonstrates that the 'admitted' facts are contrary to the actual facts."); White Consol. Indus., Inc. v. Waterhouse, 158 F.R.D. 429, 433 (D. Minn. 1994) (citations omitted) ("[T]he prospect of deeming controverted facts or issues as having been admitted seems, somewhat self-evidently, to be anathema to the ascertainment of the truth . . . .").

Here, the Magistrate Judge found that many of the requests in the Amended First Set of Requests for Admissions that have been deemed admitted are very similar to requests in the original First Set of Requests for Admissions to which Equifax did timely respond and deny. (Aug. 5 Order at 9 [Doc. No. 237].) Therefore, according to the Magistrate Judge, Equifax will not be "materially impaired" if the admissions stand because it can rely on its responses to the First Set of Requests for Admissions and other evidence in its defense. (See id. at 9–10.) Equifax argues that the Magistrate Judge applied an improper standard under the first prong by considering whether Equifax would be "materially impaired" if the admissions are allowed to stand rather than whether withdrawal of the admissions will "promote the presentation of the merits." (Def.'s Objs. at 11 [Doc. No. 244].)

This Court agrees with Equifax that the Magistrate Judge applied an improper legal standard. The standard enunciated in Rule 36(b) is whether withdrawal of the admissions

will promote presentation of the case on the merits, not whether the moving party will be materially impaired if the admissions are allowed to stand. The crux of Edeh's claim is that Equifax did not conduct a reasonable investigation of his credit dispute and, as noted by Equifax, several of the requests for admissions which have been deemed admitted but which Equifax denied in its late responses pertain to the reasonableness of Equifax's procedures and its handling of Edeh's disputes. (See id. at 11–12; Olson Decl., Ex. B, Request Nos. 29–32 [Doc. No. 245-2].) Therefore, at least some of the facts that have been deemed admitted are material and are clearly contested. Accordingly, the first prong of the Rule 36(b) test is satisfied because withdrawal of the admissions will promote presentation of the case on the merits.

### b. Prejudice

The second prong of the Rule 36(b) test concerns the difficulty the nonmoving party may face if withdrawal of the admissions is allowed, based on that party's need to obtain evidence to prove a matter that had previously been admitted. Prusia, 18 F.3d at 640. The party who obtained the admissions has the burden of demonstrating prejudice, and neither "having to convince the trier of fact of the truth of a matter erroneously admitted" nor "preparing a summary judgment motion in reliance upon an erroneous admission" is sufficient. Id. (citations omitted). While reliance that is detrimental to a party's ability to prosecute its claim at trial may constitute sufficient prejudice to satisfy the second prong, it is less likely to be sufficient where that party has clear warning in advance of trial that the particular issues are controverted. Compare Am. Petro, Inc. v. Shurtleff, 159 F.R.D. 35, 38 n.4 (D. Minn. 1994) ("We would note in passing that, to establish prejudice, the party who

obtained the admission must show some sort of reliance upon the matters which were deemed admitted, which is detrimental to the prosecution of its claim at trial."), with Warren v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 544 F.2d 334, 338–39 (8th Cir. 1976) (denying the plaintiffs' motion to deem requests for admissions admitted where the defendant filed its late responses one day after trial had begun, in part because "there was every indication in advance of the trial that the issues raised . . . were to be controverted" and so the plaintiff suffered no prejudice).

Here, the Magistrate Judge found that Edeh would be prejudiced if the admissions are withdrawn because Edeh relied on the deemed admissions through the close of discovery and, with trial set to commence in a little over a month, he can no longer attempt to obtain additional discovery to address the facts that have been deemed admitted. (Aug. 5 Order at 11–12 [Doc. No. 237].) Equifax, on the other hand, argues that Edeh will not suffer prejudice because he knew that Equifax contested the matters that were deemed admitted.[3] (See Def.'s Objs. at 16–17 [Doc. No. 244].)

---

[3] Equifax also argues that Edeh will not suffer prejudice by withdrawal of the admissions because the requests for admissions were improper in the first place. (See Def.'s Objs. at 13–14 [Doc. No. 244].) As evidenced by the cases cited by Equifax, this argument is more properly raised in a motion before submitting responses to the requests or in opposition to a motion to compel in which the opposing party argues that the responses are deficient. See Lakehead Pipe Line Co. v. Am. Home Assurance Co., 177 F.R.D. 454, 457–58 (D. Minn. 1997) (motion to determine sufficiency of responses to requests for admissions); Xcel Energy, Inc. v. United States, 237 F.R.D. 416, 420 (D. Minn. 2006) (motion to compel); 3M Innovative Props. Co. v. DuPont Dow Elastomers, LLC, Civ. No. 03-3364 (MJD/JGL), 2005 WL 6007042, at *2–3 (D. Minn. Aug. 29, 2005) (motion to compel). Here, Equifax submitted, albeit belatedly, responses to the Amended First Set of Requests for Admissions without seeking relief on grounds that the requests were improper.

While this Court understands the Magistrate Judge's frustration with Equifax's conduct and notes that such conduct certainly is not to be condoned, the Court concludes that the Magistrate Judge clearly erred in finding that Edeh met his burden of establishing prejudice. In fact, much of the detrimental reliance Edeh claims to have suffered is a product of his own actions. Many of the requests in Edeh's unamended First Set of Requests for Admissions are duplicative of the requests in the Amended First Set of Requests for Admissions, including Request Nos. 29 through 32. (See Olson Decl., Ex. B [Doc. No. 245-2].) Edeh received Equifax's responses to the unamended set in November, well over a month before the close of discovery. In those responses, Equifax denied Requests Nos. 29 through 32. However, knowing that Equifax contested those issues, and knowing that the discovery deadline was looming, Edeh chose not to take the depositions that he now claims to need. He took this chance even though he had already been granted one extension of the discovery deadline and knowing, therefore, that a second extension would be less justifiable.[4] Accordingly, Edeh cannot now claim prejudice that is based, at least in part, on his own knowing failure to act.

Likewise, Edeh's failure to conduct additional discovery even after Equifax's responses to the amended set of requests became overdue in November cannot now rise to the requisite level of prejudice. Again, Edeh knew Equifax contested many of the issues raised therein, including Request Nos. 29 through 32. Despite that knowledge, and the

---

Therefore, Equifax cannot now prevail on that basis.

[4] Edeh received an extension of the discovery deadline from September 1, 2012, to January 1, 2013. (See Pretrial Scheduling Order at 2 [Doc. No. 54]; Order/Amended Pretrial Scheduling Order at 2 [Doc. No. 118].)

13

knowledge that Equifax could have moved at any time to have the admissions withdrawn, Edeh chose to rely on the admissions and to not notice any depositions even though he had over a month before the discovery period was set to expire. Therefore, because Edeh has known for several months—well in advance of trial—that the issues raised in the Amended First Set of Admissions were controverted, and because he chose not to conduct additional discovery when he had the chance, the Magistrate Judge erred in finding that Edeh met his burden of demonstrating prejudice.

### 3. Discretion under Rule 36(b)

Finally, Equifax objects to the Magistrate Judge's exercise of discretion under Rule 36(b). (See Def.'s Obj. at 17–22 [Doc. No. 244].) First, Equifax argues that the Magistrate judge erred in requiring a showing of good cause in order for Equifax to prevail on its motion even if the requirements of Rule 36(b) were met. (See id.) Second, Equifax argues that the Magistrate Judge erred in not finding good cause for Equifax's delays in filing its motion. (See id.)

This Court finds that, while the Magistrate Judge did not clearly err in considering the presence of good cause under Rule 36(b), it did err in exercising its discretion to deny Equifax's Motion. As noted above, Rule 36(b) provides that a court "may" permit withdrawal of admissions if the two-prong test is met. Thus, the Rule is permissive. And, some courts have stated that, "in deciding whether to exercise . . . discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay." Conlon v. United States, 474 F.3d 616, 625 (9th Cir. 2007). That being said, a

lack of good cause should not be dispositive.  See Prusia, 18 F.3d at 640 (rejecting the plaintiff's argument that the defendant "should not have been permitted to amend its admissions because it did not offer an explanation or excuse for its mistake").  Rule 36(b) "emphasizes the importance of having the action resolved on the merits."  Fed. R. Civ. P. 36(b), Advisory Committee Notes (1970).  Therefore, "'the Court should normally permit untimely answers when doing so would aid in the presentation of the merits of the action and would not prejudice the party who made the requests.'"  Am. Petro, Inc., 159 F.R.D. at 37 (citation omitted).

As noted above, withdrawal of the admissions will promote presentation of the case on the merits, and Edeh has not established the requisite prejudice.  While it is true, as the Magistrate Judge noted, that Equifax has engaged in surprisingly cavalier conduct in regard to the Amended First Set of Requests for Admissions—by serving untimely responses, failing to object to the Magistrate Judge's Order deeming those requests admitted, failing to promptly file a motion to withdraw the admissions after receiving that Order, and failing to bring a motion to withdraw the admissions until after both parties had filed a motion for summary judgment—those errors all appear to be the fault of Equifax's counsel and not of Equifax itself.  According to Equifax's counsel, a lack of communication between local and lead counsel resulted in untimely service of the responses to the Amended First Set of Requests for Admissions, and an internal oversight on counsel's behalf prevented the Motion to Set Aside Admissions from being filed promptly after the Magistrate Judge issued her Order deeming the requests admitted.  In addition, it was Equifax's counsel who admittedly failed to realize that the Motion to Set

Aside Admissions had not been filed even after receiving Edeh's opposition to Equifax's summary judgment motion. Imposing upon Equifax the draconian punishment of deeming material facts admitted based on its counsel's conduct, when there has been no undue prejudice to Edeh, is contrary to the precepts of Rule 36(b). Therefore, the Court respectfully finds that the Magistrate Judge's exercise of discretion to deny Equifax's Motion to Set Aside Admissions was clearly erroneous.

For these reasons, the Court finds it necessary to reverse the Magistrate Judge's August 5 Order and to grant Equifax's Motion to Set Aside Admissions. Accordingly, Equifax's admissions to Edeh's Amended First Set of Requests for Admissions are withdrawn, and Equifax is allowed to substitute in their place its December 26 responses.

### C. Plaintiff's Objections

Edeh filed his Appeal of the Magistrate Judge's August 5 Order on August 6, challenging the following portion of the Order:

> As Equifax acknowledged, . . . many of the admissions from the First Amended Set that Edeh is relying on with regard to the outstanding dispositive motions, are essentially the same as other requests for admissions in the unamended first set that Equifax did timely answer and has denied. . . . Consequently, Equifax's defense is not materially impaired in that it is free to rely on its denial of admissions that Edeh is relying on to the opposite effect, and it is free to offer evidence to support the reasonableness of its investigation.

(Aug. 5 Order at 9–10 [Doc. No. 237]; see Pl.'s Appeal of the Aug. 5, 2013 Order of the Magistrate Judge ("Pl.'s Appeal") at 1 [Doc. No. 240].) Edeh argues that: (1) matters deemed admitted in the Amended First Set of Requests for Admissions in accordance with Rule 36 cannot be rebutted by contrary evidence, including Equifax's denials in response to

16

the unamended First Set of Requests for Admissions, (see Pl.'s Appeal at 2–4); and (2) even if it were permissible for Equifax to rely on its responses to the unamended First Set of Requests for Admissions, that set was inoperative and Equifax's responses were untimely and are, therefore, automatically deemed admitted, (see id. at 4–6).

The Court finds that Edeh's first objection is moot in light of the Court's decision to grant Equifax's Motion to Set Aside Admissions and substitute its December 26 responses to Edeh's Amended First Set of Requests for Admissions. As for Edeh's second objection, to the extent Edeh seeks to rely on his unamended First Set of Requests for Admissions during the remainder of this lawsuit, Equifax is entitled to rely on its responses to that set because they were not untimely. Edeh served his First Set of Requests for Admissions on Equifax by U.S. mail on October 9, 2012. Pursuant to Federal Rule of Civil Procedure 36(a)(3), requests for admissions are deemed admitted unless the party served responds within 30 days. However, because service was completed by mail, Rule 6(d) allows for an additional three days to respond. When the allotted time period ends on a Sunday, Rule 6(a)(1)(C) states that the period continues to run until the next day that is not a legal holiday. According to these Rules, Equifax's response was not due until Monday, November 12. On that date, counsel for Equifax emailed Edeh and asked for an extension of time to respond to Edeh's "discovery," and Edeh responded that Equifax could have until the following Monday, which was November 19. Equifax served its Objections and Responses to Plaintiff's First Requests for Admissions by U.S. mail on that date. Therefore, Equifax served its responses to the unamended First Set of Requests for Admissions on time.

Edeh argues that the email exchange between the parties in which he granted the extension was not a proper stipulation and that he did not understand Equifax's request for an extension to refer specifically to the First Set of Requests for Admissions because there was other outstanding discovery. (See Pl.'s Resp. to Def.'s Objs. at 8–11 [Doc. No. 247].) However, in an email to the Court and counsel for Equifax, dated August 14, 2013, Edeh stated that he granted a one-week extension to Equifax for purposes of responding to the First Set of Requests for Admissions and that Equifax's response was timely. (See id. at 8 n.4.) Edeh cannot now claim that he was confused as to which set of discovery Equifax was referring when it requested the extension. Accordingly, Edeh's objections are overruled.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Objections [Doc. No. 244] to the Magistrate Judge's August 5, 2013, Order [Doc. No. 237] are **SUSTAINED**;

2. Plaintiff's Appeal [Doc. No. 240] of the Magistrate Judge's August 5, 2013, Order [Doc. No. 237] is **OVERRULED**;

3. The Magistrate Judge's August 5, 2013, Order [Doc. No. 237] is **REVERSED**; and

4. Defendant's Motion to Set Aside Admissions [Doc. No. 206] is **GRANTED**.

Dated: September 10, 2013        s/Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States District Judge