UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SAMUEL N. EDEH,                                   CIVIL NO. 11-2671 (SRN/JSM)

       Plaintiff,

v.                                                ORDER

EQUIFAX INFORMATION SERVICES, LLC,

       Defendant.

       JANIE S. MAYERON, U.S. Magistrate Judge

       The above matter came on before the undersigned upon plaintiff's Motion for
Sanctions against Equifax Information Services LLC and to Remove "Confidential"
Designation from Equifax's Reinvestigation Manuals and Subscriber Agreement [Docket
No. 192] and plaintiff's Motion for Sanctions against Equifax Information Services LLC
[Docket No. 200].

       The Court, being duly advised in the premises, upon all of the files, records, and
proceedings herein, now makes and enters the following Order.

       IT IS HEREBY ORDERED:

       1.    Plaintiff's Motion for Sanctions against Equifax Information Services LLC
and to Remove "Confidential" Designation from Equifax's Reinvestigation Manuals and
Subscriber Agreement [Docket No. 192][1] is **DENIED**; and

---

[1]    Plaintiff's Motion for Summary Judgment that was a part of this pleading will be
addressed by a separate order to be issued by United States District Judge Susan
Richard Nelson.

2.     Plaintiff's Motion for Sanctions against Equifax Information Services LLC

[Docket No. 200] is **DENIED**.


Dated:        September 13, 2013

                                   *s/ Janie S. Mayeron*
                                   JANIE S. MAYERON
                                   United States Magistrate Judge


## MEMORANDUM

## I.    PLAINTIFF'S FIRST MOTION FOR SANCTIONS [DOCKET NO. 192]

In his first motion for sanctions, plaintiff Samuel Edeh seeks the following relief

for Equifax's purported failure to comply with the Court's orders: "[a]s sanctions for the

failures of counsel and Equifax to comply with this Court's Orders, Plaintiff requests the

Court to (a) vacate Equifax's Answer (Doc. 18) and enter default judgment against

Equifax and in favor of Plaintiff, (b) hold counsel and Equifax in contempt of court, and

(c) award Plaintiff his costs as well as the equivalent of reasonable attorney's fees

associated with enforcing the Court Orders."[2]  See Memorandum of Law in Support of

Plaintiff's Motion for Sanctions Against Equifax Information Services LLC and to

Remove "Confidential" Designation from Equifax's Reinvestigation Manuals and

Subscriber Agreement [Docket No. 193] ("Pl.'s Mem."), p. 10.   Equifax's alleged

malfeasance that is the basis of this motion is as follows:

---

[22]     Edeh is not entitled to attorney's fees for representing himself.  See White v. Armontrout, 29 F.3d 357, 361 (8th Cir. 1994) ("Since Mr. White was representing himself in district court; moreover, he is not entitled to attorneys' fees.") (citing Coleman v. Turner, 838 F.2d 1004, 1005 (8th Cir. 1988) (per curiam); Kay v. Ehrler, 499 U.S. 432, 435 (1991)).

First, Edeh argued that Equifax violated this Court's December 30, 2011 Pretrial Scheduling Order [Docket No. 54].   See Pl.'s Mem., pp. 2-3.   Specifically, Edeh asserted that Equifax violated the following portion of the pretrial scheduling order:

> The parties intend to enter into a protective order. In the interim, any documents which plaintiff intends to produce and which he believes should be governed by a protective order, shall be produced to opposing counsel for the attorney's review only and shall not withheld on the basis that no protective order is yet in place. Similarly, any documents which any defendant intends to produce and which the defendant believes should be governed by a protective order, shall be produced to plaintiff for his review only and shall not withheld on the basis that no protective order is yet in place. After the protective order is entered, the producing party shall designate the documents produced pursuant to this interim arrangement under the protective order.

Pretrial Scheduling Order [Docket No. 54], p. 4.

On October 1, 2012, Edeh brought a motion to compel.  See Docket No. 106.  As part of this motion, Edeh asserted that Equifax had not produced discovery on the basis that no protective order was in place, and that although he had signed a protective order and had sent it to Equifax, he had not yet received a response from Equifax.  See Docket No. 107, pp. 8-9.  Edeh did not seek sanctions as part of this motion to compel. On November 21, 2012, this Court issued an Order finding that the Pretrial Scheduling Order contemplated that confidential information would not be withheld because there was no protective order in place and that Equifax did not comply with this directive.  See November 21, 2012 Order [Docket No. 123], pp. 16-17.

Second, Edeh asserted that Equifax violated this Court's November 21, 2012 Order, regarding the production of manuals.  See Pl.'s Mem., pp. 4-6.  In this Order, addressing a motion to compel brought by Edeh, the Court required Equifax to "produce

3

its Indicating, Verification and Maintenance manuals as well as any other <u>relevant</u> policy or procedural manuals that address the policy or procedures with regard to Equifax's reinvestigation process." <u>See</u> November 21, 2012 Order, pp. 21-22 (emphasis added). According to Edeh, Equifax violated this Court's order, as the Indicating Manuals produced to him by Equifax made references to other policies that were never produced. <u>See</u> Pl.'s Mem., p. 4; <u>see also</u> Plaintiff's Reply Regarding his Motion for Sanctions and to Remove "Confidential" Designation from Equifax's Reinvestigation Materials [Docket No. 228] ("Pl.'s Reply"), p. 4. Edeh acknowledged that he had received the Indicating Manuals on November 20 and 21, 2012. <u>See</u> Memorandum of Law in Support Of Plaintiff's Motion to Compel, Motion to Deem Requests For Admission Admitted, Motion to Extend Discovery Deadline as to Plaintiff Only, and Motion to Increase the Number of Interrogatories Plaintiff May Serve on Defendant [Docket No. 134], p. 2 ("Equifax supplemented its responses on November 20 and 21, 2012 producing to Plaintiff four stacks of documents each hundreds of pages long. Two stacks of the document contain "Indicating – Module One manual by Equifax" on the cover page and the other two stacks contain "Equifax Indicating Modules 1-4 Participant Workbook" on the cover page.").

Lastly, Edeh relied on the fact that Equifax had not provided him with discovery regarding his January 19, 2011 dispute letter.[3] <u>Id.</u>, pp. 6-7. Edeh claimed that he propounded two interrogatories and one request for the production of documents

---

[3]     Edeh also referenced in passing what he alleged is a pattern and practice of bad faith by Equifax as it related to responding to discovery in this case. <u>See</u> Pl.'s Mem., pp. 7-8. However, as explained in this decision, Equifax's alleged conduct as to discovery did not in of itself violate this Court's orders on discovery and the Court will not order default judgment or finding of contempt on this basis.

related to this dispute. Id., p. 7. It is Edeh's position that Equifax has yet to produce any discovery as it relates to his January 19, 2011 dispute. Id. Edeh relied on this Court's November 21, 2012 Order granting his motion to compel as it related to Interrogatory Nos. 6 and 16. Id. Interrogatory No. 6 asked whether Equifax reviewed the documentation sent with his disputes, what it learned from those documents and its resulting actions. See Docket No. 191. Interrogatory No. 16 asked for each step Equifax took to summarize or convert each dispute submitted by Edeh's into the ACDV notifications sent to Capital One. Id. The Court ordered Equifax to answer these interrogatories. See November 21, 2012 Order, pp. 16-17, 19-20. Edeh took no further action to compel Equifax to answer these interrogatories or enforce this Court's Order as it related to discovery of the January 19, 2011 dispute until the present motion.[4]

Equifax responded that it has produced to Edeh the relevant policy manuals, and that the policies referenced the Indicating Manual mainly concern matters completely unrelated to the present issues in this case; Edeh's January 19, 2011 dispute is not a part of the present case; and Edeh's motion is just an attempt to focus this case on discovery violations, as opposed to its merits. See Defendant Equifax Information Services LLC's Response in Opposition to Plaintiff's Motion for Sanctions and Removal of Confidentiality Designation from Equifax's Reinvestigation Manuals [Docket No. 226] ("Def.'s Mem."), pp. 2-8.

Federal Rule of Civil Procedure 37(b)(2)(A)(vi) authorizes a court to render default judgment against a party who fails to obey an order to produce discovery. The purpose of sanctions under this rule is "not merely to penalize those whose conduct

---

[4]   All nondispositive motions were to be served, filed and heard by January 15, 2013. See Amended Pretrial Scheduling Order [Docket No. 118].

may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam).  The district court has "a large measure of discretion in deciding what sanctions are appropriate for misconduct." Hutchins v. A. G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997).

      "Before a court may impose a dispositive sanction such as default judgment for a party's failure to comply with a discovery order, there must be '(1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party.'" Everyday Learning Corp. v. Larson, 242 F.3d 815, 817 (8th Cir. 2001) (quoting Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000)); see also Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000) (citation omitted) (same); United States Bank Nat'l Ass'n v. Direct Equity Mortgage, LLC, Civ. No. 10-2367 (SRN/JJG), 2011 WL 2412951 at *1 (D. Minn. April 25, 2011) (same).  However, the Court's discretion to issue Rule 37 sanctions "is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in the order to provide discovery." Hairston v. Alert Safety Light Products, Inc., 307 F.3d 717, 719 (8th Cir. 2002) (quoting Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir.1992)).  "'[T]he district court's discretion narrows as the severity of the sanction or remedy it elects increases.'" Sentis Group, Inc., Coral Group, Inc. v. Shell Oil Co., 559 F.3d 888, 898 (8th Cir. 2009) (quoting Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008)).  The sanction of default, like the sanction of dismissal, "is among the harshest of sanctions and 'there is a strong policy in favor of deciding a case on its

merits, and against depriving a party of his day in court.'" <u>Sentis</u>, 559 F.3d at 898 (quoting <u>Fox v. Studebaker-Worthington, Inc.</u>, 516 F.3d 1016, 1020 (8th Cir. 1975)). Nonetheless, default judgment is within the range of acceptable sanctions and the reviewing court will not "substitute our own judgment for that of the district court even though we may have chosen a different sanction had we been standing in the shoes of the trial court." <u>International Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.</u>, 380 F.3d 1084, 1105-1106 (8th Cir. 2004).

The Court rejects Edeh's belated attempt to obtain sanctions as a result of Equifax's not producing documents because no protective order was in place.  Edeh had every opportunity to seek sanctions in conjunction with his motion to compel, but instead waited to do so after the non-dispositive motion deadline had passed.  In any event, the Court finds that no sanctions are appropriate for Equifax's violation of the pretrial scheduling order where there is nothing to indicate that it was anything more than the result of an error on the part of Equifax's counsel and there were no further complaints of Equifax withholding documents because there was no protective order in place after the Court issued its November 21, 2012 Order.

The Court also concludes that sanctions are not appropriate for Equifax's failure to produce policies referenced in the Indicating Manual.  As stated previously, the Court required Equifax to "produce its Indicating, Verification and Maintenance manuals as well as any other <u>relevant</u> policy or procedural manuals that address the policy or procedures with regard to Equifax's reinvestigation process." <u>See</u> November 21, 2012 Order], pp. 21-22 (emphasis added).  Equifax argued that it is the Indication Manual that Equifax uses in the reinvestigation of consumer disputes, such as the one concerning

Edeh's Capital One account.  See Def.'s Mem., p. 5.  While Edeh has provided this Court with policies referenced in the Indicating Manuals, many of these appear to have no relevance to the present case, such as policies relating to: employment disputes, public records, trade accounts, duplicate addressees, collection accounts, previous investigation results not received, adding a consumer statement, third party disputes, minor children, and accounts included in bankruptcy.  See Pl.'s Mem., pp. 4-6.  In addition, the Court cannot begin to guess at the relevancy of some of the policies listed, including: "Opt Out", "Disputing Inquiries," "Combining files, "Indicating Matrix," "Introduction to processing disputes" and "Disputed information of credit file  Id.  While some of these policies by their title could possibly contain information relevant to how Equifax conducts its reinvestigations, severe sanctions are not warranted based on shear speculation that those policies might contain relevant information that would have aided Edeh in his case.  If Edeh believed that Equifax had not complied with this Court's directive to produce relevant policies, the appropriate way to establish the violation was to produce evidence that indeed these other policies were germane to the issues in this case.  For example, Edeh could have asked Equifax in written discovery or through depositions to determine whether those other policies should have been produced pursuant to this Court's order.  But he did not do that.  Consequently, based on the evidence before this Court, the Court concludes that Edeh has not sufficiently established that (a) Equifax violated this Court's Order, or (b) the requisite prejudice in order to warrant an entry of default judgment against Equifax or a finding of contempt.[5]

---

[5]     This Court notes that a civil contempt is designed to compel compliance with a court order.  See Edeh v. Carruthers, Civil No. 10–2860 (RHK/JSM), 2011 WL 4808194

Finally, as to Equifax's failure to produce discovery regarding the January 19, 2011 dispute, this Court is incredulous that Edeh would seek sanctions when he never specifically identified this dispute in his Amended Complaint, his discovery requests, as part of his motion to compel, or his first motion for partial summary judgment.  In fact, according to Equifax, it had no idea that the January 19, 2011 dispute was part of this case until it appeared in the second round of summary judgment motions filed by the parties.  See Equifax Information Services LLC's Response in Opposition to Plaintiff's Motion for Summary Judgment [Docket No. 242], pp. 9-10.   While the Amended Complaint alleged that Equifax repeatedly failed to perform reasonable investigations of multiple disputes during the period of November of 2010 through February of 2011, and failed to remove the inaccurate information, Edeh did not specifically assert that the January 19, 2011 dispute was at issue until the second set of summary judgment motions were brought by the parties, which was after the close of discovery.  Under these circumstances, the Court cannot find that Equifax willfully violated this Court's discovery order by failing to provide discovery to Edeh on this dispute.

For all of these reasons, the Court denies Edeh's first motion for sanctions.

## II.   MOTION TO REMOVE "CONFIDENTIAL" DESIGNATION FROM EQUIFAX'S REINVESTIGATION MANUALS

Edeh has taken issue with the "wholesale" designation of Equifax's reinvestigation manuals (including the Indication, Verification, Maintenance and Metro materials) and subscriber agreement as confidential, and seeks an order removing such designations from these documents.  See Pl.'s Mem., p. 32.  Edeh argued that this

---

at *3 (D. Minn. Sept. 20, 2011).  In this case, Edeh is seeking to punish as opposed to coerce compliance with an order.

Court has already rejected Equifax's attempt to shift the burden onto him as to whether documents should maintain a confidentiality designation solely on the basis that he may use the documents in unrelated matters, and maintained that he should not be required to run to counsel for permission every time he wants to rely on information from these documents.[6]  Id., p. 33.  Edeh noted that Equifax's counsel would not let him include, as part of the public filing of his sanction motion, the titles of the policies that Equifax had failed to produce, even though it subsequently referred to the titles of some these policies in its opposing memorandum, and has even marked blank pages from these manuals as confidential.  Id.  In addition, Edeh claimed that any claim that Equifax will suffer competitive harm from the release of this information is belied by the fact that its competitors used similar reinvestigation procedures.  Id., pp. 33-34; Pl.'s Reply, p. 9.  Edeh also asserted that Equifax improperly claimed that "certain" unidentified interrogatory responses, with regard to the training requirements of dispute operators were confidential.  See Pl.'s Mem., p. 34.  Edeh did not produce the manuals at issue to the Court to examine.

Equifax argued that good cause exists under Rule 26(c) for limiting dissemination of its proprietary information, as its manuals have been developed by Equifax over a long period of time and are used exclusively by Equifax's employees and agents.  See Def.'s Mem., p. 11.  Equifax noted that there is no indication that these materials will ever be used to decide this case, as Edeh has not relied on these materials in conjunction with dispositive motions in this matter.  Id. at p. 12.

---

[6]  This Court notes that there is nothing precluding Edeh from using documents marked as confidential in the present case.

The Court denies Edeh's motion to de-designate.  While it may be Equifax's ultimate burden to show good cause for the designation of documents as confidential under the protective order, this is Edeh's motion.  He seeks to have this Court rule on the validity of the designations of the manuals and other unidentified discovery without providing these materials to the Court.  Lacking the documents at issue, this Court has no basis to determine whether Equifax has properly designated these documents under the Protective Order.[7]

## III.   PLAINTIFF'S SECOND MOTION FOR SANCTIONS  [DOCKET NO. 200]

In its April 23, 2013 Order, this Court ordered Equifax to produce "any Rule 30(b)(6) testimony transcripts it has in possession, custody or control that it has given in the past three years in matters related to 15 U.S.C. § 1681i. . . ." April 23, 2013 Order, p. 26 [Docket No. 150].   As part of his motion to de-designate, Edeh acknowledged that pursuant to the April 23 and May 2, 2013 Orders by this Court, Equifax produced 17 deposition transcripts totaling 1665 pages, but objected to the fact that each single page of the transcript from front to cover is designated as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."  <u>See</u> Memorandum Of Law In Support Of Plaintiff's Motion To Remove "Confidential" Designation From Equifax's Rule 30(B)(6) Deposition Transcripts [Docket No. 171], p. 3.  Edeh made no assertion that Equifax had improperly redacted these deposition transcripts.  Equifax represented that only the Social Security numbers and dates of birth of third parties were removed from these transcripts.  Defendant Equifax Information Response in Opposition to

---

[7]    Even if Equifax's response to his request to de-designate was late, as Edeh asserts, the fact remains that Edeh failed to provide the Court with the materials he seeks to de-designate.  In any event, any late response has not prejudiced Edeh's ability to prosecute his motion as is evidenced by his filing of a reply memorandum.

Plaintiff's Objections and Motion for Sanctions [Docket No. 213] ("Def.'s Sanctions Opp."), p. 4.  In responding to Edeh's Motion To Remove "Confidential" Designation From Equifax's Rule 30(B)(6) Deposition Transcripts [Docket No. 170], the Court ordered:

> On or before June 24, 2013, defendant shall (a) for each deposition transcript designate those specific portions of the transcript that are "confidential" and an affidavit setting forth the factual basis for designating the information confidential; or (b) notify plaintiff that it is foregoing its right to identify which portions of the transcripts are "confidential" at which time the deposition transcripts shall be de-designated in their entirety.

June 10, 2013 Order [Docket No. 180], p. 1 (emphasis omitted).

In response to this Order, Equifax filed a Notice of Supplemental Support Concerning Confidential Deposition Transcripts [Docket No. 189], in which it had specific pages and lines of each of the previously produced depositions that it submits should be afforded confidentiality under the protective order in this case and represented that it delivered these specific page and line designations to Edeh.

Edeh now asserts that Equifax produced 17 such deposition transcripts, but that Equifax withheld whole pages and redacted entire lines and text from those transcripts. See Plaintiff's Objections to Defendant Equifax Information Services LLC's Notice of Supplemental Support Concerning Confidential Deposition Transcripts and his Memorandum of Law in Support of his Motion for Sanctions Against Defendant [Docket No. 201], p. 7.  As a result of this alleged conduct, Edeh asks that this Court:

> [O]rder Equifax to show cause why it withheld portions of the transcripts that was ordered produced by the Court. Lacking "good cause" for the failure, the Court should strike Equifax's Answer. If the Answer is already stricken pursuant to Plaintiff's first motion for sanction, the Court should enter any

> other appropriate sanctions to punish Equifax/counsel and to deter the bar. The Court should also enter an Order finding that Equifax's conduct in removing pages, lines and texts from the transcripts violated the Court Order. In addition, the Court should also enter an Order requiring Equifax to review the transcripts, and produce any withheld pages, lines, or texts to Plaintiff immediately.

Id., p. 9.

Equifax argued that Edeh's motion is frivolous, as Edeh has previously admitted that he had received a complete set of all 17 transcripts in May 2013 (except for social security number and birthdates, for which Edeh had no objection).  See Def.'s Sanctions Opp., p. 4.   According to Equifax, Edeh's misconception that it failed to provide complete transcripts appears to have been caused to by the fact that when designating portions of the transcripts to be kept confidential, pursuant to the Court's June 10 Order, it provided only the deposition pages containing confidential information.  Id., pp. 4-5.

Based on Equifax's representation that it has produced to Edeh a complete set of all 17 transcripts without redactions, except for the redactions of the Social Security numbers and birthdates of third parties, and Edeh has provided no evidence to controvert this assertion, Edeh's second motion for sanctions is denied.

J.S.M.